William R. Maguire
Marc A. Weinstein
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)
weinstei@hugheshubbard.com

Attorneys for Defendant PricewaterhouseCoopers LLP

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust,<br><br>                     Plaintiff,<br><br>              v.<br><br>PRICEWATERHOUSECOOPERS, LLP, a Delaware limited liability partnership,<br><br>                     Defendant. | **ORAL ARGUMENT REQUESTED**<br><br>Case No.: 08-CIV-5355 (HB) |

**MEMORANDUM OF DEFENDANT PRICEWATERHOUSECOOPERS LLP
IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ..............................................................................................................1

    Plaintiff's Pre-Complaint Litigation Activities..................................................................2

    The Delaware Preference Complaint .................................................................................3

    The Initial and Amended Complaints in this Court ...........................................................4

ARGUMENT...................................................................................................................................6

I.    THE PROFESSIONAL NEGLIGENCE CLAIM FAILS TO MEET THE FACIAL REQUIREMENTS OF RULE 8(a) AND THE "PLAUSIBILITY" STANDARD ENUNCIATED IN *TWOMBLY*..................................................................6

    A.    The Complaints Fail to Meet the Most Basic Requirements of Rule 8(a) and Fail to Give Notice of any Claim or any Claimed Right to Relief...................6

    B.    The Professional Negligence Claim Fails to Meet the "Plausibility" Standard Enunciated by the Supreme Court in *Twombly* .......................................7

II.    THE PREFERENCE CLAIMS IN THE AMENDED COMPLAINT SHOULD BE DISMISSED IN FAVOR OF THE FIRST-FILED DELAWARE PREFERENCE COMPLAINT ............................................................................................8

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

## CASES

800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128 (S.D.N.Y. 1994) .................. 8

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) ......................................... 7

Bell Atlantic Corp. v. Twombly, __U.S.__, 127 S. Ct. 1955 (2007) ............................................... 7

Bon-Jour Group, Ltd. v. Elan-Polo, Inc., No. 96 Civ. 6705 (PKL), 1997 WL 401814
    (S.D.N.Y. July 16, 1997) ............................................................................................................. 9

Chamber v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002) ........................................................ 2

Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549 (S.D.N.Y. 2005) .................................... 8

City of New York v. Exxon Corp., 932 F.2d 1020 (2d Cir. 1991) .................................................. 8

Clapp v. Greene, 743 F. Supp. 273 (S.D.N.Y. 1990), aff'd, 930 F.2d 912 (2d Cir. 1991) ............. 6

In re Elevator Antitrust Litig., 502 F.3d 47 (2d Cir. 2007) ............................................................ 7

First City Nat'l Bank and Trust Co. v. Simmons, 878 F.2d 76 (2d Cir. 1989) .......................... 8, 9

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) ................................................................................... 7

Kapiamba v. Securitas Security Serv., No. 07 Civ. 7262 (HB), 2008 U.S. Dist. LEXIS
    34559 (S.D.N.Y. April 29, 2008) ............................................................................................... 7

Lasky v. Shearson Lehman Bros. Inc., 139 F.R.D. 597 (S.D.N.Y. 1991) ..................................... 6

Leeds v. Meltz, 85 F.3d 51 (2d Cir. 1996) ...................................................................................... 6

McGraw-Hill Cos. v. Int'l Sec. Exch., Inc., Nos. 05 Civ. 112 (HB), 05 Civ. 4954 (HB),
    2005 U.S. Dist. LEXIS 18674 (S.D.N.Y. Sept. 1, 2005) ........................................................... 2

Tellabs, Inc. v. Makor Issues & Rights, Ltd., __ U.S. __, 127 S. Ct. 2499 (2007) ........................ 2

Toomey v. Wickwire Spencer Steel Co., 3 F.R.D. 243 (S.D.N.Y. 1942) ....................................... 6

<u>**Table of Authorities**</u>
(Continued)

Page(s)

**RULES**

Fed. R. Civ. P. 8(a) ...........................................................................................................1, 6

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 2

Fed. R. Civ. P. 15..................................................................................................................5

Fed. R. Evid. 201(b).............................................................................................................2

Pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), Defendant PricewaterhouseCoopers LLP ("PwC") submits this brief in support of its motion to dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff represents a Delaware-based bankruptcy litigation trust and purports to assert a claim for professional negligence against PwC as the bankrupt's former auditor. Apparently, to avoid expiration of a statute of limitations on June 12, 2008, Plaintiff filed a self-evidently insufficient complaint in this Court on June 11, 2008 followed by an Amended Complaint on June 13, 2008. This amendment did not attempt to cure the deficiencies of the first pleading but, instead, added a bankruptcy preference claim against PwC that Plaintiff had previously commenced (and which remains pending) in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

Plaintiff has never tried to effect service of either the initial or the Amended Complaint. PwC has waived service in order to challenge these plainly defective pleadings and the abusive litigation tactics that they represent.

## STATEMENT OF FACTS

The following summary is based upon the factual allegations of the Amended Complaint, which are assumed to be true solely for purposes of the present Motion, as well as the

exhibits to the Declaration of Marc A. Weinstein ("Weinstein Decl."), consisting of court papers and other documents of which the Court may take judicial notice.[1]

**Plaintiff's Pre-Complaint Litigation Activities**

According to the Amended Complaint, Plaintiff Old Ladder Litigation Co., LLC was designated, pursuant to a Plan of Reorganization confirmed by the Delaware Bankruptcy Court on October 25, 2007, to pursue claims belonging to the bankrupt Werner Ladder Co. and related entities (collectively, "Werner"). (Amended Complaint ¶¶ 16-18.)

Since October 2007, Plaintiff has pursued litigation initiatives both in the United States District Court for the Southern District of New York ("SDNY") and in the Delaware Bankruptcy Court. Plaintiff began by asserting in the Bankruptcy Court rights to pre-complaint document discovery from several parties, including PwC. Expedited production was claimed to be necessary due to a looming statute of limitations deadline of June 12, 2008, the second anniversary of the Werner bankruptcy. As a result, Plaintiff received substantial discovery, both informally and pursuant to orders of the Bankruptcy Court. (See Weinstein Decl. Ex. A.)

On January 24, 2008, Plaintiff filed in SDNY a massive complaint (the "Werner I Complaint"; Weinstein Aff. Ex. B), naming as defendants more than 200 former Werner officers, directors, equity holders and professionals (other than PwC). The 187 pages of the Werner I

---

1. In the Rule 12(b)(6) context, in addition to the pleadings, "a court may consider documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (citation and quotation omitted). "A court may take judicial notice of a public record pursuant to Fed. R. Evid. Rule 201(b)." McGraw-Hill Cos. v. Int'l Sec. Exch., Inc., Nos. 05 Civ. 112 (HB), 05 Civ. 4954 (HB), 2005 U.S. Dist. LEXIS 18674, at *24 (S.D.N.Y. Sept. 1, 2005); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., __ U.S. __, 127 S. Ct. 2499, 2509 (2007).

2

Complaint present in detail the financial history of Werner during the nine-year period preceding its bankruptcy, with extensive allegations concerning Werner's financial condition and financing transactions. The only references to PwC in this pleading are to PwC's "refusal" to issue an opinion until Werner took corrective action regarding certain debt covenant issues, an incident which clearly shows PwC acting as a responsible auditor. (See id. ¶¶ 183, 189.)[2]

The Werner I Complaint remains pending in SDNY before the Honorable Richard M. Berman. As in the Delaware Bankruptcy Court, Plaintiff has emphasized statute of limitations deadlines, demanding expedited discovery to identify "John Doe" defendants that are claimed to exist in the U.S. and other countries. (See Weinstein Decl. Ex. C.)

**The Delaware Preference Complaint**

Also in advance of the June 12, 2008 deadline, Plaintiff commenced numerous avoidance actions in the Delaware Bankruptcy Court based upon claims that pre-bankruptcy payments by Werner are recoverable as preferences or fraudulent transfers under the Bankruptcy Code. (See, e.g., Weinstein Decl. Ex. D.) One such avoidance action was filed against PwC on June 11, 2008 (the "Delaware Preference Complaint"; Weinstein Decl. Ex. E), seeking recovery of $280,952 in payments allegedly made by Werner to PwC during the 90-day period preceding

---

2. The allegations as to PwC in the Werner I Complaint are as follows:

- "[I]n the face of the Company's inability to comply with its loan covenants [in 2005], the Company's auditors PriceWaterhouseCoopers ("PWC"), refused to provide a clean audit opinion and the Company was unable to file necessary SEC documents." (Id. ¶ 183); and

- "Without the amendment from the senior lenders, PWC would not issue an unqualified 2004 audit opinion. In fact, PWC only issued its unqualified 2004 audit opinion after the effective closing of the refinancing." (Id. ¶ 189.)

Werner's bankruptcy. The Delaware Preference Complaint was purportedly served on PwC on June 28, 2008. (See Weinstein Decl. Ex. F.)

**The Initial and Amended Complaints in this Court**

On June 11, 2008, the Litigation Designee filed an eight-page complaint against PwC in this Court. (The "Initial Complaint"; Weinstein Decl. Ex. G.) While purporting to assert a professional negligence claim against PwC, this complaint fails to set forth a single negligent act committed by PwC. The Amended Complaint filed two days later made no change to the professional negligence allegations, but simply added the preference claims that had already been asserted in the Delaware Bankruptcy Court.

The Initial and Amended Complaints begin by referring to the "nefarious scheme" that is the subject of the Werner I Complaint (Amended Complaint ¶¶ 2-12; Weinstein Decl. Ex. H) without attempting to claim that PwC was a participant. Indeed, the Werner I Complaint itself shows that PwC was not part of any such scheme. Amazingly, the Complaints never identify a single action that PwC took or failed to take. Instead of facts supporting a professional negligence claim, Plaintiff offers platitudes and legal conclusions:

- Unspecified PwC audit opinions were allegedly "dilatory and deficient," although no deficiency is identified (Id. ¶ 15);
- An accountant "owes a duty to its client to render services with the degree of skill and competence exercised by members of the accounting profession and in accordance with accepted professional standards" (Id. ¶ 27);
- "PwC committed errors in violation of accepted industry standards" (Id. ¶ 31); and
- "PwC's conduct falls far below the general standards of due professional care in the accounting industry." (Id.)

These content-free allegations fail to give notice of any claim or the basis of any right to relief. Indeed, they leave every significant question unanswered: What opinion or

4

opinions were "deficient"? What errors did PwC commit? Which industry standards did PwC fail to observe? What conduct of PwC was negligent or the source of any injury to Plaintiff? Where the Complaints fail to allege any action that PwC took or failed to take in connection with its Werner engagement, there is no way to tell what PwC did wrong, and no notice of any claim.

On June 13, 2008, Plaintiff filed the Amended Complaint, apparently pursuant to a party's right under FRCP 15 to "amend its pleading once." The Amended Complaint is a cut-and-paste exercise, simply adding the preference claims that had already been asserted in the Delaware Preference Complaint. (Compare Delaware Preference Complaint ¶¶ 17-34 and Ex. A to Amended Complaint ¶¶ 34-51 and Ex. A.) There are no additional facts or allegations related to the professional negligence claim -- the Amended Complaint simply repeats verbatim what was alleged in the Initial Complaint. (Compare Initial Complaint ¶¶ 1-15, 22-28 to Amended Complaint ¶¶ 1-15, 26-32.)

Plaintiff has made no attempt to effect service of either the Initial or Amended Complaint on PwC. In light of this failure, as well as the self-evident deficiencies of these pleadings, it is a permissible inference that Plaintiff is aware of the Complaints' defects and has filed, but not served, as a tactic to avoid the statute of limitations. It has proceeded without giving genuine notice of any claim against PwC. PwC has waived service, and has filed the present Motion to Dismiss these improper and abusive pleadings.

60379324_1.DOC

## ARGUMENT

I. **THE PROFESSIONAL NEGLIGENCE CLAIM FAILS TO MEET THE FACIAL REQUIREMENTS OF RULE 8(a) AND THE "PLAUSIBILITY" STANDARD ENUNCIATED IN *TWOMBLY*.**

A. **The Complaints Fail to Meet the Most Basic Requirements of Rule 8(a) and Fail to Give Notice of any Claim or any Claimed Right to Relief.**

FRCP 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." It is well settled that a complaint which fails to identify the basis of the claim does not give proper notice and must be dismissed for failure to comply with the Rule. E.g., Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996) ("bald assertions and conclusions of law will not suffice"); Clapp v. Greene, 743 F. Supp. 273, 276 (S.D.N.Y. 1990) ("When examining the sufficiency of the complaint under Rule 8(a) . . . conclusory allegations merely stating the general legal conclusions necessary to prevail on the merits and which are unsupported by facts are not taken as true"), aff'd, 930 F.2d 912 (2d Cir. 1991); Lasky v. Shearson Lehman Bros. Inc., 139 F.R.D. 597, 598 (S.D.N.Y. 1991) ("statement should be plain in that it should state facts, not conclusions"); Toomey v. Wickwire Spencer Steel Co., 3 F.R.D. 243 (S.D.N.Y. 1942) (dismissing complaint as "hazy mass of conclusions" without any plain statement of the facts upon which the claim was based).

The professional negligence claim here is nothing other than the conclusory allegation that "PwC committed errors." Where the Initial and Amended Complaints fail to identify a single audit opinion, accounting principle, auditing procedure or anything else related to PwC's work that was allegedly deficient, they lack a "plain statement showing that the pleader is entitled to relief," and must be dismissed under Rule 8(a).

B.  **The Professional Negligence Claim Fails to Meet the "Plausibility" Standard Enunciated by the Supreme Court in *Twombly*.**

As recently stated by the Supreme Court, a claimed right to relief based on "a formulaic recitation of the elements of a cause of action" is insufficient. Rather, a complaint must set forth "factual allegations" sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) ("Twombly"). The Second Circuit has explained that Twombly reconfigured the landscape for deciding a defendant's motion to dismiss, and requires factual allegations sufficient to "render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).[3] The standard requires the "plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'" ATSI Comm., Inc., 493 F.3d at 98 (2d Cir. 2007) (quoting Twombly).[4]

The circumstances and allegations of Twombly itself show how far the Amended Complaint here falls short – indeed, it is not even possible to *begin* analysis without some purported factual predicate for the claim. Twombly considered an antitrust complaint that was based on extensive factual allegations concerning the conduct of the defendants, including specific actions by each defendant that were alleged to support the inference that they had acted in concert. Twombly, 127 S. Ct. at 1962-63. The Supreme Court considered the allegations of parallel conduct, and found them "close to stating a claim." However, they stopped "short of the

---

3. Twombly's standard is not limited to antitrust cases, but is a rule of general applicability. See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007); Iqbal, 490 F.3d at 157; ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 n.2 (2d Cir. 2007).

4. Accord Kapiamba v. Securitas Security Serv., No. 07 Civ. 7262 (HB), 2008 U.S. Dist. LEXIS 34559 (S.D.N.Y. April 29, 2008) (dismissing employment discrimination claim).

7

line between possibility and plausibility of entitle[ment] to relief." Id. at 1966 (internal quotation omitted).

By contrast, Plaintiff here offers no facts to get within hailing distance of the "line" between possible and plausible claims, because no fact regarding the actual conduct of PwC is alleged. The Initial and Amended Complaints purport to state a professional negligence claim without alleging what opinion or action of PwC's was "deficient," when and in what way "errors" were committed, and what professional standards were violated. Such fulsomely deficient pleading cannot hope to establish a "plausible" right to relief, or one that rises "above the speculative level" within the meaning of Twombly. These deficiencies, which would be apparent to any practitioner in this Court, are the more egregious because they were not an accident, but designed to defeat the applicable statute of limitations. In these circumstances, dismissal and dismissal *with prejudice* are fully warranted.

## II. THE PREFERENCE CLAIMS IN THE AMENDED COMPLAINT SHOULD BE DISMISSED IN FAVOR OF THE FIRST-FILED DELAWARE PREFERENCE COMPLAINT.

It is a "well-settled principle in this Circuit that where there are two competing lawsuits, the first suit should have priority." First City Nat'l Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989) (internal quotation omitted); see also City of New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991) (first-filed action has priority absent "special circumstances which justify giving priority to the second action") (internal quotation omitted); Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 555 (S.D.N.Y. 2005) ("[T]he presumption is that the court which first has possession of the action decides it.") (internal quotation omitted). The first-filed rule was "developed to serve the purposes of promoting efficiency and should not be disregarded lightly." 800-Flowers, Inc. v. Intercontinental Florist,

Inc., 860 F. Supp. 128, 132 (S.D.N.Y. 1994) (dismissing action in favor of suit previously filed in Florida) (internal quotation omitted).

There is no question that the Delaware Preference Complaint, filed on June 11, 2008, is the first-filed as the Amended Complaint was not filed in this Court until June 13, 2008. Nor is there any question that the preference claims in the Amended Complaint are word-for-word identical to the claims asserted in the Delaware Preference Complaint, or that Plaintiff has chosen not to serve the Amended Complaint, in furtherance of its "game theory" approach. Accordingly, the first-filed rule dictates that the second-filed Preference Claims asserted in the Amended Complaint should be dismissed. See, e.g., First City Nat'l Bank and Trust Co., 878 F.2d at 80 (dismissing case in favor of first-filed Oklahoma action); Bon-Jour Group, Ltd. v. Elan-Polo, Inc., No. 96 Civ. 6705 (PKL), 1997 U.S. Dist. LEXIS 10283 (S.D.N.Y. July 16, 1997).

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety. Count I (professional negligence) should be dismissed with prejudice, while Counts II through V (preference, fraudulent conveyance and avoidance of transfers) should be dismissed in deference to the first-filed Delaware Preference Complaint.

Dated:     New York, New York
           August 22, 2008

                                                        HUGHES HUBBARD & REED LLP

                                                        By: ___/s/_____
                                                            William R. Maguire
                                                            Marc A. Weinstein
                                                            Jeffrey S. Margolin
                                            One Battery Park Plaza
                                            New York, New York 10004-1482
                                            (212) 837-6000
                                            weinstei@hugheshubbard.com

                                            Attorneys for Defendant
                                            PricewaterhouseCoopers LLP

William R. Maguire
Marc A. Weinstein
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)
weinstei@hugheshubbard.com

Attorneys for Defendant PricewaterhouseCoopers LLP

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS, LLP, a Delaware limited liability partnership,<br><br>Defendant. | Case No.: 08-CIV-5355 (HB) |

**CERTIFICATE OF SERVICE**

I, Jeffrey S. Margolin, do hereby certify that I am over the age of 18 and not a party to this action and that on the 22nd day of August, 2008, I did cause to be served true and correct copies of Defendant PricewaterhouseCoopers LLP ("PwC")(i) Notice of Motion to Dismiss the Amended Complaint; (ii) Memorandum in Support of its Motion to Dismiss; (iii) the Declaration of Marc A. Weinstein in support of the Motion to Dismiss filed; (iv) PwC's Notice of Appearance and Waiver of Service of Summons and Amended Complaint; and (v) PwC's Rule 7.1 Disclosure Statement via hand delivery to:

60379467_1.DOC

Fred Stevens, Esq.
Samantha H. Evans, Esq.
Fox Rothschild LLP
100 Park Avenue, 15th Floor
New York, New York 10017

Michael A. Taitelman, Esq.
Freedman & Taitelman, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067

William F. Costigan, Esq.
Dornbush Schaeffer Strongin & Venaglia, LLP
747 Third Avenue
New York, New York 10017

and via Federal Express to:

Dimitri L. Karapelou, Esq.
Ciardi Ciardi & Astin, P.C.
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA 19103

Daniel K. Astin, Esq.
Anthony M. Saccullo, Esq.
Ciardi Ciardi & Astin, P.C.
901 North Market Street, Suite 700
Wilmington, Delaware 19801


  I further certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
   August 22, 2008

                      _____
                         Jeffrey S. Margolin